UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSHUA BRINN,                                       For Online Publication Only

                        Plaintiff,

                                                       **ORDER**
      -against-                                     15–CV–145 (JMA) (AKT)

HOFSTRA UNIVERSITY, TOURO LAW SCHOOL,
BARBARA TRAUB, UTICA NATIONAL
INSURANCE GROUP, SHERRI PAVLOFF,
PETER CONTINI, SAINT JOHN'S UNIVERSITY,
ROBERT GLICK, MORRIS DUFFY,
ALSONSO & FALEY, JOHN DOE NUMBER ONE
THROUGH THIRTY, JANE DOE NUMBER ONE
THROUGH ELEVEN, NASSAU COUNTY,
SPELLMAN, RICE, SCHURE, GIBBONS,
MCDONOUGH, POIZZI & TRUNCALE, LESTER,
SCHWAB, KATZ & DWYER L'ABATTE BALKAN,
COLAVITA & CONTINI, FARBER, ZANE &
BROCK, HOFSTRA UNIVERSITY LAW SCHOOL,
TOURO COLLEGE, SAINT JOHN'S UNIVERSITY
LAW SCHOOL, BENJAMIN TRUNCALE,
THOMAS CATALANO and SYOSSET PUBLIC
LIBRARY,

                        Defendants.
------------------------------------------------------------------X
**AZRACK, United States District Judge:**

On January 12, 2015, defendants Robert Glick and Syosset Public Library (collectively, the "Syosset defendants") removed the instant case to federal court. Nineteen out of the twenty named defendants moved to dismiss the complaint for failure to state a claim in lieu of filing an answer. Defendant Nassau County, however, filed an answer and a cross-claim against its co-defendants for indemnification. On March 2, 2015, *pro se* plaintiff Joshua Brinn, a practicing attorney, filed a notice of voluntary withdrawal against all defendants.

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure states that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." A notice of dismissal under Rule 41(a)(1)(A) is presumed to be without prejudice, unless the notice states otherwise. Fed. R. Civ. P. 41(a)(1)(B). Except as provided in Rule 41(a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Plaintiff filed one notice of voluntary withdrawal for all defendants; however, the effect of the notice differs between the non-answering and answering defendants. The Court will analyze the notice for the non-answering defendants under Rule 41(a)(1)(A)(i) and will analyze the notice as it applies to the answering defendants under Rule 41(a)(2). Cf. Sheldon v. Amperex Elec. Corp., 52 F.R.D. 1, 9 (E.D.N.Y.) ("Service of a notice of motion for summary judgment by one or more of several defendants (or of an answer, for that matter), does not foreclose the plaintiff from dismissing as to any other defendant who has not served notice of such a motion.") aff'd, 449 F.2d 146 (2d Cir. 1971).

Plaintiff's notice did not indicate whether he was dismissing the case with or without prejudice; therefore, the notice of withdrawal is presumed to be without prejudice. (Notice of Dismissal, ECF No. 58); Fed. R. Civ. P. 41(a)(1)(B).

Except for Nassau County, all of the defendants filed motions to dismiss in lieu of answers. A motion to dismiss, however, "does not terminate the right of dismissal by notice." Arndt v. UBS AG, 342 F. Supp. 2d 132, 136 (E.D.N.Y. 2004) (quoting Horton v. Trans World Airlines Corp., 169 F.R.D. 11, 15 (E.D.N.Y. 1996)). Therefore, plaintiff is entitled to withdraw his complaint without prejudice.

Following the filing of plaintiff's notice, the Syosset defendants requested that the Court dismiss this action, under Rule 41(a)(2), with prejudice and without costs to any party. (Ltr. Motion to Dismiss with Prejudice, ECF No. 59.) That request is denied. The Syosset defendants did not serve an answer or a motion for summary judgment. Therefore, the Court cannot dismiss the action under Rule 41(a)(2) as to the Syosset defendants or any of the other non-answering defendants.

Nassau County did file an answer. Thus, plaintiff cannot dismiss his claim against Nassau County without a court order. See Fed. R. Civ. P. 41(a)(2). However, unlike the Syosset defendants, Nassau County did not oppose plaintiff's notice to withdraw without prejudice. Accordingly, the case against Nassau County is dismissed without prejudice.[1]

Nassau County, in its answer, asserted a cross-claim against its co-defendants. Because the cross-claim does not have an independent foundation from plaintiff's complaint, the cross-claim is hereby dismissed without prejudice.

This action, in its entirety, is hereby dismissed without prejudice. The Clerk of the Court is directed to close the case and mail a copy of this Order to *pro se* plaintiff.

**SO ORDERED.**

/s/(JMA)
Joan M. Azrack
United States District Judge

Date: May 8, 2015
Central Islip, New York

---

[1] In its motion, the Syosset defendants' counsel stated that he "believe[d]" that he spoke on behalf of all the defendants in requesting dismissal with prejudice. Nassau County, however, never made such a request and the Court declines to attribute the Syosset defendants' request to Nassau County.