UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSHUA BRINN,                                                          For Online Publication Only

                      Plaintiff,
                                                             **ORDER**
            -against-                                 15-CV-145 (JMA) (AKT)

HOFSTRA UNIVERSITY, TOURO LAW SCHOOL,
BARBARA TRAUB, UTICA NATIONAL
INSURANCE GROUP, SHERRI PAVLOFF,
PETER CONTINI, SAINT JOHN'S UNIVERSITY,
ROBERT GLICK, MORRIS DUFFY,
ALSONSO & FALEY, JOHN DOE NUMBER ONE
THROUGH THIRTY, JANE DOE NUMBER ONE
THROUGH ELEVEN, NASSAU COUNTY,
SPELLMAN, RICE, SCHURE, GIBBONS,
MCDONOUGH, POIZZI & TRUNCALE, LESTER,
SCHWAB, KATZ & DWYER L'ABATTE BALKAN,
COLAVITA & CONTINI, FARBER, ZANE &
BROCK, HOFSTRA UNIVERSITY LAW SCHOOL,
TOURO COLLEGE, SAINT JOHN'S UNIVERSITY
LAW SCHOOL, BENJAMIN TRUNCALE,
THOMAS CATALANO and SYOSSET PUBLIC
LIBRARY,

                      Defendants.
-----------------------------------------------------------------X

**AZRACK, United States District Judge:**

      On March 2, 2015, pro se plaintiff Joshua Brinn, a practicing attorney, filed a letter discontinuing his claims against all defendants. (Ltr. of Discontinuance, ECF No. 58.) Although the letter did not indicate whether plaintiff intended the discontinuance to be with or without prejudice, the Court construed it to be without prejudice. (May 8, 2015 Order, ECF No. 63.) By order dated May 8, 2015, the Court dismissed this action accordingly, noting that only defendant County of Nassau had answered the complaint and that it had not requested dismissal with prejudice. See generally Fed. R. Civ. P. 41(a)(2). The docket indicated that the remaining defendants, including St. John's University, St. John's University School of Law and Barbara

1

Traub (collectively, "the St. John's Defendants"), had moved or intended to move to dismiss the complaint.

On May 27, 2015, the St. John's defendants sought reconsideration of the Court's May 8 Order, asserting that dismissal with prejudice was appropriate because they had, in fact, answered the complaint before this case was removed from state court and had "expended significant effort and costs in defending this matter, including preparation of pleadings, investigation and motion practice and would be prejudiced if compelled to duplicate these costs in the future."[1] (May 27, 2015 Ltr., ECF No. 64.) The St. John's defendants also pointed out that counsel for defendants Syosset Public Library and Robert Glick had, on behalf of the St. John's defendants, requested that this matter be dismissed with prejudice. (See Mar. 10, 2015 Ltr., ECF No. 59.) Plaintiff has not opposed the motion.

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "Although voluntary dismissal without prejudice is not a matter of right, courts in this circuit presume that a party's motion to dismiss its own claims without prejudice should be granted." Lopes v. First Unum Ins. Co., No. 09-CV-02642, 2012 WL 3887517, at *1 (E.D.N.Y. Sept. 7, 2012). "Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006). "One line indicates that such a dismissal would be improper if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Id. (internal quotation marks and citations omitted). "Another line indicates that the test for dismissal

---

[1] The St. John's defendants' answer was not transmitted to this Court upon removal from state court. The St. John's defendants' May 27 letter seeking reconsideration indicates that the St. John's Defendants intended to move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(c). (May 27, 2015 Ltr.)

2

without prejudice involves consideration of various factors, known as the Zagano factors." Id.; see generally Zagano v. Fordham University, 900 F.2d 12, 14 (2d Cir. 1990). The Zagano factors include: (1) the plaintiff's diligence in bringing a motion to dismiss; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss. Zagano 900 F.2d at 14. "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011).

Under either standard, the St. John's defendants have not established that this case should be dismissed with prejudice. The St. John's defendants have not demonstrated that they will suffer any legal prejudice or "the impairment of some legal interest, some legal claim, or some legal argument." Staten Island Terminal, LLC v. Elberg, No. 11-CV-3262, 2012 WL 1887126, at *3 (E.D.N.Y. May 23, 2012) (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996)) (internal quotation marks and alteration omitted). Although plaintiff could reinstitute this litigation, the "the mere prospect of a second lawsuit is not tantamount to plain legal prejudice." Anderson v. United States, No. 11-CV-169, 2012 WL 2571271, at *2 (N.D.N.Y. July 2, 2012) (quoting Kwan, 634 F.3d at 230) (internal quotation marks omitted). Accordingly, the St. John's defendants have not persuaded the Court that they will suffer legal prejudice if this matter is dismissed without prejudice.

The St. John's defendants' bid to dismiss the case with prejudice also fails under the Zagano factors. First, plaintiff withdrew the complaint approximately two months after removal to this Court. Second, the St. John's defendants do not argue that an unduly vexatious motive prompted plaintiff to bring this action. Third, the St. John's defendants have not convinced the

Court that the resources devoted to this case to date were sufficiently significant to warrant dismissal with prejudice. Little to no discovery took place and the St. John's defendants could presumably use any motion papers or discovery they have already drafted if plaintiff refiles this matter. Finally, the Court cannot assess plaintiff's reason for dismissing this action because plaintiff never explained why he voluntarily discontinued this case. At best, this factor weighs slightly against plaintiff. However, standing alone, plaintiff's silence on this question does not warrant dismissal with prejudice. On balance, the St. John's defendants have not established that this matter should be dismissed with prejudice under <u>Zagano</u>.

For the foregoing reasons, the Court denies the St. John's defendants' motion to reconsider the order dismissing plaintiff's claims against them without prejudice.

**SO ORDERED.**

Date: December 1, 2015
Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge